UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL ARCIAGA, JOSEPH MASSELI, and VIMAL MATHIMARAN, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC., MICHAEL L. ELICH, and JAMES D. MILLER,<br><br>Defendants. | CASE NO. C14-5884 BHS<br><br>ORDER |
| CHRISTOPHER P. CARNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC., MICHAEL L. ELICH, and JAMES D. MILLER,<br><br>Defendants. | CASE NO. C14-5903 BHS |

ORDER - 1

1

2

3

4

5

6

7

| SHIVA STEIN, individually and on behalf of all others similarly situated, |
| --- |
| Plaintiffs, |
| v. |
| BARRETT BUSINESS SERVICES, INC., MICHAEL L. ELICH, and JAMES D. MILLER, |
| Defendants. |

CASE NO. C14-5912BHS

8

9

10

11

12

13

14

15

16

17

This matter comes before the Court on Plaintiffs Mitchell Arciaga, Joseph Masseli, and Vimal Mathimaran's ("Barrett Investor Group") motion for consolidation of related actions, for appointment as lead plaintiff and for approval and selection of lead and liaison counsel (Dkt. 17) and Painters & Allied Trades District Council No. 35 Pension and Annuity Funds' ("Painters Funds") motion for consolidation of related actions, for appointment as lead plaintiff and for approval and selection of lead and liaison counsel (Dkt. 19).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the Barrett Investor Group's motion and grants the Painters Funds' motion for the reasons stated herein.

18

### I. PROCEDURAL HISTORY

19

20

21

On November 11, 2014, the Barrett Investor Group filed a class action complaint on behalf of themselves and others similarly situated against Defendants Barrett Business Services, Inc. ("Barrett Business"), Michael L. Elich, and James D. Miller

22

1 ("Defendants").  Dkt. 1.  The Barrett Investor Group asserts two claims for violations of

2 the Securities Exchange Act of 1934 (the "Exchange Act").  *Id*.

3          On November 13, 2014, Plaintiff Christopher P. Carnes filed a complaint on

4 behalf of himself and others similarly situated against Defendants asserting the same

5 violations of the Exchange Act.  Cause No. C14-5903BHS, Dkt. 1.

6          On November 17, 2014, Plaintiff Shiva Stein filed a complaint on behalf of herself

7 and others similarly situated against Defendants asserting the same violations of the

8 Exchange Act.  Cause No. C14-5912BHS, Dkt. 1.

9          On January 5, 2015, the Barrett Investor Group, Tulsa Municipal Employees'

10 Retirement Plan ("Tulsa Plan"), an interested party, Bakers Local No. 433 Pension Fund

11 ("Bakers Fund"), an interested party, and Painters Funds, an interested party, all filed

12 motions for consolidation of related actions, for appointment as lead plaintiff and for

13 approval and selection of lead and liaison counsel.  Dkts. 11, 13, 17, & 19.  On January

14 16, 2015, the Tulsa Plan withdrew its motion (Dkt. 41), the Bakers Fund withdrew its

15 motion and stated its support for the Painters Funds to be appointed lead plaintiff (Dkt.

16 43), and Defendants responded to the motions (Dkt. 42).  On January 20, 2015, the

17 Barrett Investor Group and the Painters Funds responded.  Dkts. 44 & 46.  On January

18 23, 2015, the Barrett Investor Group and the Painters Funds filed replies.  Dkts. 48 & 50.

19                                      **II. FACTUAL BACKGROUND**

20          The alleged facts in this case are fairly straightforward.  The Barrett Investor

21 Group as well as the interested parties all invested in the Barrett Business.  The Barrett

22 Investor Group and the interested parties alleged that Defendants made false statements,

1  misleading statements, or material omissions that resulted in the decline of the company's

2  stock value, injuring all investors.  This suit followed, and the investors now dispute

3  which investment group should lead the class action litigation.

4                                    **III. DISCUSSION**

5  **A.    Consolidation**

6       "If actions before the court involve a common question of law or fact, the court

7  may: . . . (2) consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).

8       Here, consolidation of the cases is appropriate.  No party has opposed

9  consolidation for pretrial proceedings, but Defendants oppose consolidation for trial at

10  this time.  Dkt. 42 at 2.  This partial objection is noted, and the issue of whether the cases

11  will proceed to trial separately will be considered at a later date.  With regard to the

12  merits of the cases, all three cases involve common factual and legal questions under the

13  Exchange Act, including whether Defendants made false statements and omissions and

14  whether those actions caused the stock price to drop as alleged. Consolidation of these

15  actions will promote efficiency, conserve judicial resources, and foster uniform decision-

16  making while avoiding inconsistent results.  Therefore, the Court grants the parties'

17  motions to consolidate.

18  **B.    Lead Plaintiff**

19       Under Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private

20  Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court "shall appoint as lead

21  plaintiff the member or members of the purported plaintiff class that the court determines

22  to be most capable of adequately representing the interests of class members . . . ."  15

1 | U.S.C.A. § 78u-4(a)(3)(B)(i).  A rebuttable presumption exists that the most adequate

2 | plaintiff is "the person or group of persons" that has

3 |        (aa) either filed the complaint or made a motion in response to a
notice under subparagraph (A)(i);

4 |        (bb) in the determination of the court, has the largest financial
interest in the relief sought by the class; and

5 |        (cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

6 | *Id*. § 78u-4(a)(3)(B)(iii)(I).  The presumption, however, may be rebutted

7 |

8 |        only upon proof by a member of the purported plaintiff class that the
presumptively most adequate plaintiff—
       (aa) will not fairly and adequately protect the interests of the class;

9 | or

10 |        (bb) is subject to unique defenses that render such plaintiff
incapable of adequately representing the class.

11 | *Id*. § 78u-4(a)(3)(B)(iii)(II).

12 |        In this case, the Barrett Investor Group and the Painters Funds dispute the issue of

13 | lead plaintiff.  District courts must first identify the financial interests of the movants

14 | seeking to serve as lead plaintiffs to determine which has the greatest financial stake in

15 | the controversy.  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  After selecting the

16 | plaintiff with the greatest financial interest, the court looks to that plaintiff's declarations

17 | and pleadings to determine whether the movant satisfies Rule 23(a).  *Id*.  If the movant is

18 | both "adequate" and "typical" as contemplated by Rule 23(a), the movant becomes the

19 | presumptively adequate lead plaintiff.  After the presumptive lead plaintiff is identified,

20 | the court reviews evidence presented by other plaintiffs to rebut the presumption of lead

21 | plaintiff status.  *Id*.  If the evidence presented casts sufficient doubt on the adequacy and

22 |

ORDER - 5

1    typicality of the presumptive lead plaintiff, the court looks to the movant with the second

2    greatest financial interest and repeats the process.  *Id.* at 731.

3        There is no prescribed method for calculating a party's financial stake in the case.

4    *Id.* at 730 n.4.  The court, however, "must compare the financial stakes of the various

5    plaintiffs and determine which has the most to gain from the lawsuit," through

6    "accounting methods that are both rationally and consistently applied."  *Id.* at 730.

7    Courts often consider the following four factors to determine which plaintiff has the

8    largest financial interest: (1) total shares purchased, (2) net shares purchased, (3) net

9    funds expended, and (4) approximate loss suffered.  *See Frias v. Dendreon Corp.*, 835 F.

10   Supp. 2d 1067, 1075 (W.D. Wash. 2011); *see also In re Olsten Corp. Sec. Litig.*, 3 F.

11   Supp. 2d 286, 295 (E.D.N.Y. 1998).

12       When one of the competing groups is composed of unrelated persons, district

13   courts are split on whether the individual losses within the group should be aggregated to

14   conclude that the group has the greatest financial interest.  *See Frias*, 835 F. Supp. 2d at

15   1073–1075 (collecting cases).  When evaluating such groups, courts seek to avoid

16       the specter of unrelated groups of investors, (1) assembled by lawyers for
         the purpose of aggregating their losses to give them "the largest financial
17       interest" among the lead plaintiff candidates and then (2) getting out of the
         way so that the lawyers can direct the litigation in a manner presumably not
18       in the best interests of the class.

19   *Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10-414MJP, C10-480MJP, C10-559MJP, 2010

20   WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010).  For example, as the court stated in

21   *Crawford v. Onyx Software Corporation*,  No. C01-1346L, 2002 WL 356760 (W.D.

22   Wash. Jan. 10, 2002):

ORDER - 6

1    Plaintiffs['] . . . aggregation of their claims in an attempt to show that they
     have the largest financial interest in this litigation is not convincing in light
2    of the purposes of the PSLRA. A loose group of investors whose
     relationship was forged only in an effort to win appointment as lead
3    plaintiff has no real cohesiveness, is less likely to be in control of the
     litigation, and is subject to all of the obstacles that normally make group
4    action difficult. Even though the . . . Group consists of only three
     individuals, their decision making requires either (a) levels of coordination,
5    negotiation, and collective action which far exceed that which would be
     necessary of an individual litigant or (b) undue control by their lawyer–
6    representatives.

7   *Id*. at *2.

8         Upon review of the cases and the submissions, the Court has concerns with the

9   Barrett Investor Group.  The group's cohesiveness was formed specifically for "the

10  opportunity to participate in this action as Lead Plaintiff."  Dkt. 45-3, ¶ 5.  The group

11  requests appointment of two law firms to be co-lead counsel, which raises the concern

12  that the group is less likely to be in control of the litigation.  *Id*. ¶ 14.  Moreover, the

13  group claims to have a plan for resolving disagreements, but considers the mechanism for

14  reaching a resolution "confidential."  *Id*. ¶ 8.  Although the Barrett Investor Group is

15  entitled to the rebuttable presumption that it should be appointed lead plaintiff because it

16  has the largest financial interest, the presumption has been rebutted because the Court

17  finds that this loosely connected group, formed only for the purposes of this litigation,

18  and subject to confidential rules of engagement may not adequately represent the class.

19  Therefore, the Court denies the Barrett Investor Group's motion to appoint lead plaintiff.

20        The Court must now look to the group with the second greatest financial interest.

21  Although the Painters Funds is the only other group requesting appointment as lead

22  plaintiff, the Court has reviewed their submissions and finds that the group will

1  adequately represent the class.  Moreover, neither the Barrett Investors Group nor any

2  other interested party explicitly contests the Painters Funds' competency to be lead

3  plaintiff.  Therefore, the Court grants the Painters Funds' motion to be appointed lead

4  plaintiff.

5  **C.    Lead Counsel**

6       The Painters Funds moves the Court to appoint the firm Bernstein Litowitz Berger

7  & Grossman, LLP ("Bernstein Litowitz ") as lead counsel.  Dkt. 19 at 16.  The Court has

8  reviewed the evidence in support of Bernstein Litowitz and finds no reason to disturb the

9  Painter Funds' selection of Bernstein Litowitz as lead counsel.  Therefore, the Court

10 grants the Painter Funds' motion on this issue.

11                                **IV. ORDER**

12      Therefore, it is hereby **ORDERED** that the Barrett Investor Group's motion (Dkt.

13 17) is **GRANTED in part** and **DENIED in part** and the Painters Funds' motion (Dkt.

14 19) is **GRANTED**.  The Court also issues the following orders:

15      Counsel shall make efforts to identify all cases, other than those identified above,

16 which might properly be consolidated as part of this action, whether the cases are

17 currently pending before the Court or are later filed in or transferred to this district.  The

18 Clerk of Court is directed to file this order in Cause No. C14-5903BHS and Cause No.

19 C14-5912BHS and then close those cases.  No additional documents shall be filed in

20 Cause No. C14-5903BHS or Cause No. C14-5912BHS. The consolidated action shall be

21 re-captioned as *In re Barrett Business Services Securities Litigation*, Cause No. C14-

22

1 | 5884BHS.  All documents filed in the future regarding these matters are to be filed under

2 | that caption.

3 | All counsel shall be responsible for notifying the Court if they become aware of

4 | any case that is filed regarding the same subject matter that might be appropriate for

5 | consolidation with this case.

6 | Lead counsel shall have authority to speak for plaintiffs in matters regarding

7 | pretrial and trial procedure and settlement negotiations, and shall make all work

8 | assignments in such manner as to facilitate the orderly and efficient prosecution of this

9 | litigation and to avoid duplicative or unproductive effort.  Lead counsel shall organize,

10 | coordinate, and conduct this litigation in the most cost-effective manner possible.

11 | Lead counsel shall also be available and solely responsible for communications to

12 | and from the Court and shall coordinate the activities of Plaintiffs and Plaintiffs' counsel

13 | in the conduct of the consolidated action.  Defendants' counsel may rely upon all

14 | agreements made with lead counsel, or their duly authorized representatives, and such

15 | agreements shall be binding on Plaintiffs.

16 | Lead counsel shall be responsible for coordination of all activities and appearances

17 | on behalf of Plaintiffs and for the dissemination of notices and orders of this Court.  No

18 | motion, request for discovery or other pretrial proceedings shall be initiated or filed by

19 | Plaintiffs except through lead counsel.  This order shall apply to this consolidated action

20 | and to each case that relates to the same subject matter that is subsequently filed in this

21 | Court or is transferred to this Court and is consolidated with this consolidated action.

22 |

1    Dated this 25th day of February, 2015.

2

3                                          _____
                                           BENJAMIN H. SETTLE
4                                          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 10