UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE BARRETT BUSINESS SERVICES SECURITIES LITIGATION | Case No. 3:14-cv-5884-BHS |
| | **CLASS ACTION** |
| This Document Relates To: | **STIPULATED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PRELIMINARY CERTIFICATION AS A CLASS ACTION FOR SETTLEMENT PURPOSES** |
| ALL ACTIONS. | |
| | NOTE ON MOTION CALENDAR: **October 28, 2016** |

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF FACTS ..............................................................................3

III.    SETTLEMENT NEGOTIATIONS .................................................................5

IV.     PRELIMINARY APPROVAL IS WARRANTED .........................................6

        A.      Factors Considered For Preliminary Approval ....................................6

                1.      The Settlement Is The Product Of Good
                        Faith Arm's-Length Negotiations .............................................7

                2.      The Substantial Benefit Obtained For The
                        Settlement Class, Especially In Light Of Serious
                        Risks, Supports Approval Of The Settlement .............................8

                3.      Plaintiffs' Counsel's Thorough Investigation
                        And Extensive Settlement Negotiations
                        Enabled Sufficient Evaluation Of The Claims............................9

V.      THE PARTIES STIPULATED TO CERTIFICATION
        OF A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ...............11

        A.      Numerosity.......................................................................................11

        B.      Commonality....................................................................................12

        C.      Typicality ........................................................................................13

        D.      Adequacy .........................................................................................13

        E.      Predominance And Superiority.........................................................14

VI.     THE PROPOSED NOTICE TO THE
        SETTLEMENT CLASS IS ADEQUATE ......................................................15

VII.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS .............................17

VIII.   CONCLUSION ............................................................................................18

MOTION FOR PRELIMINARY APPROVAL
(CASE No. 14-cv-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

CASES                                                                                          Page(s)

*Amchem Prods. Inc. v. Windsor,*
    521 U.S. 591 (1997) ................................................................................ 14, 15

*In re Applied Micro Circuits Corp. Sec. Litig.,*
    2003 WL 25419526 (S.D. Cal. July 15, 2003) ...................................... 14

*Basic, Inc. v. Levinson,*
    485 U.S. 224 (1988) ........................................................................... 15

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ........................................................ 11, 14

*Boyd v. Bechtel Corp.,*
    485 F. Supp. 610 (N.D. Cal. 1979) ....................................................... 7

*In re Bridgepoint Educ., Inc. Sec. Litig.,*
    2015 WL 224631 (S.D. Cal. Jan. 15, 2015) .................................... 11, 13

*Churchill Vill., L.L.C. v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ................................................................ 6

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992) .............................................................. 6

*In re Cooper Cos. Inc. Sec. Litig.,*
    254 F.R.D. 628 (C.D. Cal. 2009) ....................................................... 12

*In re Critical Path, Inc.,*
    2002 WL 32627559 (N.D. Cal. June 18, 2002) ................................. 11

*Crossen v. CV Therapeutics,*
    2005 WL 1910928 (N.D. Cal. Aug. 10, 2005) .................................. 13

*Dean v. China Agritech,*
    2012 WL 1835708 (C.D. Cal. May 3, 2012) ..................................... 12

*Ellis v. Naval Air Rework Facility,*
    87 F.R.D. 15 (N.D. Cal. 1980), *aff'd,* 661 F.2d 939 (9th Cir. 1981) ........ 7

*In re Emulex Corp., Sec. Litig.,*
    210 F.R.D. 717 (C.D. Cal. 2002) ....................................................... 14

*Erica P. John Fund, Inc. v. Halliburton Co.,*
    563 U.S. 804 (2011) ........................................................................... 15

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
    1992 WL 226321 (C.D. Cal. June 10, 1992) ................................................................. 7

*Glass v. UBS Fin. Servs., Inc.*,
    2007 WL 221862 (N.D. Cal. Jan. 26, 2007),
    *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009) ....................................................... 10, 11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .......................................................... 12, 13, 14

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ........................................................................ 13

*In re Heritage Bond Litig.*,
    2005 WL 1594403 (C.D. Cal. June 10, 2015) ................................................... 7

*Hicks v. Morgan Stanley & Co.*,
    2003 WL 21672085 (S.D.N.Y. July 16, 2003) ................................................ 14

*Hicks v. Morgan Stanley & Co.*,
    2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) .................................................... 8

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................................ 17

*In re Indep. Energy Holdings PLC Sec. Litig.*,
    2003 WL 22244676 (S.D.N.Y. Sept. 29, 2003) ................................................ 8

*In re Juniper Networks, Inc. Sec. Litig.*,
    264 F.R.D. 584 (N.D. Cal. 2009) ........................................................ 11, 14, 15

*In re LDK Solar Sec. Litig.*,
    255 F.R.D. 519 (N.D. Cal. 2009) .................................................................... 14

*Linney v. Cellular Alas. P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ....................................................................... 10

*In re Mego Fin. Corp.*,
    213 F.3d 454 (9th Cir. 2000) .......................................................................... 10

*Ontiveros v. Zamora*,
    303 F.R.D. 356 (E.D. Cal. 2014) ................................................................... 10

*Nguyen v. Radient Pharms. Corp.*,
    287 F.R.D. 563 (C.D. Cal. 2012) ................................................................... 13

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................... 15

-iii-

MOTION FOR PRELIMINARY APPROVAL
(CASE No. 14-CV-5884-BHS)

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

*Satchell v. Fed. Express Corp.*,
   2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) .................................................................. 8

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) .......................................................................... 8

*In re TD Ameritrade Account Holder Litig.*,
   2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) .............................................................. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................................ 11

*In re THQ Inc. Sec. Litig.*,
   2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) .................................................... 11, 12, 14

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .............................................................................................. 6

*In re VeriSign, Inc. Sec. Litig.*,
   2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) .................................................... 11, 12, 14

*In re Veritas Software Corp. Sec. Litig.*,
   496 F.3d 962 (9th Cir. 2007) .......................................................................................... 15

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
   2016 WL 6248426 (N.D. Cal. Oct. 25, 2016) ................................................................ 10

*Williams v. Costco Wholesale Corp.*,
   2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ...................................................................... 6

*In re Wireless Facilities, Inc. Sec. Litig.*,
   253 F.R.D. 630 (S.D. Cal. 2008) .................................................................................... 15

**STATUTES, RULES AND OTHER AUTHORITIES**

Fed. R. Civ. P.
   Rule 23, *et seq.* ......................................................................................................... passim

15 U.S.C.
   § 78u-4(a)(7) ................................................................................................................ 2, 16

Alba Conte & Herbert Newberg,
   *Newberg on Class Actions* § 22:16 (4th ed. 2002) ........................................................ 12

H.R. Conf. Rep. No. 104-369 (1995) ..................................................................................... 14

-iv-

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

# I.    **INTRODUCTION**

Pursuant to the Stipulation and Agreement of Settlement ("Stipulation") entered into by the parties and filed herewith, Lead Plaintiff Painters & Allied Trades District Council No. 35 Pension and Annuity Funds ("Lead Plaintiff" or "Painters Funds") and named plaintiff Bakers Local No. 433 Pension Fund ("Bakers Fund") (together with Lead Plaintiff, "Plaintiffs"), respectfully move this Court pursuant to Fed. R. Civ. P. 23(e) and the Court's individual rules related to unopposed or "stipulated" motions, for entry of an agreed-upon form of proposed order preliminarily approving the Settlement in the above-captioned action (the "Action"), preliminarily certifying the Action as a class action for settlement purposes, approving of the manner and form of notice to be sent to Settlement Class Members, and scheduling a hearing for consideration of final approval of the Settlement.[1]

The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement attached hereto as Exhibit 1. The parties' agreed-upon form of proposed Preliminary Approval Order, with exhibits, is attached hereto as Exhibit 2.[2]

Plaintiffs, on behalf of the proposed Settlement Class, and Defendants Barrett Business Services, Inc. ("Barrett"), and Michael L. Elich ("Elich") and James D. Miller ("Miller") (together, "Individual Defendants"; with Barrett, "Defendants"), have successfully reached an agreement to settle this securities class action for $12 million in cash (the "Settlement Amount"),

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Stipulation. The proposed "Settlement Class" is defined as all persons and entities who purchased or otherwise acquired Barrett common stock between February 12, 2013, and March 9, 2016, inclusive, and were damaged thereby. Defendants and certain related parties are excluded from the Settlement Class, as well as any putative Settlement Class Members that exclude themselves by submitting a request for exclusion in accordance with requirements set forth in the Notice that is accepted by the Court. Stip. ¶1(tt).

[2] To clarify, pursuant to the Court's individual practice rules, this unopposed motion is labeled as a "stipulated motion," and is submitted pursuant to the parties' stipulation and with the parties' agreed-upon form of proposed Preliminary Approval Order.

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

for the benefit of the Settlement Class, in exchange for the dismissal of the Action and release of claims against Defendants and their related parties.

Plaintiffs respectfully submit that the proposed $12 million settlement is a "fair, reasonable, and adequate" result for the Settlement Class under Federal Rule Civil Procedure 23(e) – and marks a substantial recovery for the Settlement Class in light of the risks and delay of ongoing litigation. The Settlement was reached only after Plaintiffs conducted an extensive investigation, filed multiple detailed consolidated complaints, and opposed Defendants' various rounds of motions to dismiss. The proposed Settlement is the product of a series of arm's-length negotiations conducted over an 8-month period with the assistance of an experienced mediator, Jed D. Melnick, Esq. of JAMS ADR. The Settlement is the result of a "mediator's recommendation" that was separately accepted by the parties. At the time the Settlement was reached, Plaintiffs and Plaintiffs' Counsel were substantially informed of the strengths and weaknesses of the claims because each side had extensively conducted investigations of the underlying facts.

Plaintiffs request that the Court grant preliminary approval of the Settlement so that notice may be provided to the Settlement Class. In this regard, Plaintiffs request that the Court enter the parties' agreed-upon form of proposed Preliminary Approval Order, submitted herewith as Exhibit 2, which, among other things, will:

(i)     Preliminarily approve the Settlement on the terms set forth in the Stipulation;

(ii)    Approve the form and content of the Notice and Summary Notice attached as Exhibits A-1 and A-3 to the Preliminary Approval Order;

(iii)   Find that the procedures established for distribution of the Notice and publication of the Summary Notice in the manner set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of due process, Fed. R. Civ. P. 23, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7); and

-2-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

(iv)    Set a schedule and procedures for:  (1) disseminating the Notice and publication of the Summary Notice; (2) requesting exclusion from the Settlement Class; objecting to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses; (3) submitting papers in support of final approval of the Settlement; and (4) the required Settlement Hearing pursuant to Fed. R. Civ. P. 23(e).

## II.    STATEMENT OF FACTS

Beginning on November 6, 2014, three class action complaints were filed against Defendants in the United States District Court for the Western District of Washington.  *See* Case Nos. C14-5884 BHS, C14-5903 BHS, and C14-5912 BHS.  On February 25, 2015, the Court ordered these cases consolidated and appointed the Painters Funds as Lead Plaintiff, and approved Lead Plaintiff's section of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the putative class.

On April 29, 2015, Lead Plaintiff and additional Plaintiff Bakers Fund filed the Consolidated Amended Complaint ("Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and against the Individual Defendants under Section 20(a) of the Exchange Act.  Plaintiffs asserted the claims on behalf of a class of persons who purchased or acquired Barrett common stock between February 12, 2013, and October 28, 2014, inclusive.  Among other things, the Consolidated Complaint alleged that Defendants made materially false and misleading statements about Barrett's workers' compensation reserve.  The Consolidated Complaint further alleged that the price of Barrett stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

On June 12, 2015, Defendants filed a motion to dismiss the Consolidated Complaint and a motion for judicial notice.  On July 29, 2015, Plaintiffs filed their papers in opposition and, on August 21, 2015, Defendants filed their reply papers.

-3-

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

On November 23, 2015, the Court granted Plaintiffs' unopposed motion for leave to file an amended complaint in light of new information disclosed in the Company's Form 8-K filed with the SEC on November 9, 2015. On November 23, 2015, Plaintiffs filed the First Amended Consolidated Class Action Complaint ("First Amended Complaint"). The First Amended Complaint, like the Consolidated Complaint, asserted claims against all Defendants under Section 10(b) of the Exchange Act, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged claims substantially similar to those alleged in the Consolidated Complaint but also included allegations based on new information revealed after the filing of the Consolidated Complaint.

On February 16, 2016, Defendants filed motions to dismiss the First Amended Complaint and a motion for judicial notice. On March 21, 2016, the Court granted Plaintiffs' unopposed motion for leave to file an amended complaint in light of new information alleged, including that Barrett would have to restate three years of financial statements, that its Chief Financial Officer ("CFO") had made a series of unsupported journal entries in 2013 that affected Barrett's reported workers' compensation expense, and that it had terminated its CFO. The same day, March 21, 2016, Plaintiffs filed the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint" or "Complaint"), alleging Section 10(b) claims against all Defendants and Section 20(a) claims against the Individual Defendants, on behalf of a class of persons who purchased or otherwise acquired Barrett common stock between February 12, 2013, and March 9, 2016, inclusive, which is the Settlement Class Period for purposes of the Settlement (the "Settlement Class Period").

On May 23, 2016, Defendants filed motions to dismiss the Complaint and a motion for judicial notice. Plaintiffs filed their opposition on June 27, 2016, and Defendants filed their reply briefs on July 25, 2016. The motions to dismiss were fully briefed when the Settlement was reached.

-4-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

## III. SETTLEMENT NEGOTIATIONS

While the litigation was continuing, and the amended complaints were being filed and the various motions to dismiss were pending, the parties participated in two in-person all-day mediation sessions before Mediator Melnick on January 5, 2016, and June 30, 2016. In advance of each session, the parties exchanged and submitted to Mediator Melnick detailed confidential mediation statements and exhibits, which addressed the issues of liability and damages. Both sessions ended without any agreement being reached.

Over the course of the next few months following the second mediation, Mediator Melnick conducted further discussions with the parties in attempts to reach a resolution. Mediator Melnick ultimately made a mediator's recommendation to settle the Action for $12 million in cash, which the parties separately accepted on September 2, 2016, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers. The parties executed the Stipulation on October 26, 2016.

If the Court grants preliminary approval of the Settlement, Barrett will pay or cause to be paid the Settlement Amount into an Escrow Account at Valley National Bank within approximately fifteen business days after entry of the Preliminary Approval Order.[3] Pursuant to Barrett's October 27, 2016 press release entitled "BBSI Reaches Agreement to Settle Shareholder Lawsuit," approximately $8.7 million will be paid by Barrett's insurance carriers, and Barrett itself will pay the remaining $3.3 million.

---

[3] *See* Stip. ¶8. Plaintiffs propose Valley National Bank as the Escrow Agent. Lead Counsel has negotiated competitive and favorable terms with Valley National Bank, which has successfully served as the escrow agent for numerous other class action settlements, including for securities class actions within this District, for example, *In re: Dendreon Corp. Class Action Litig.*, Master Docket No. C11-1291JLR (W.D. Wash.).

-5-

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

## IV.  PRELIMINARY APPROVAL IS WARRANTED

### A.  Factors Considered For Preliminary Approval

In considering whether to grant preliminary approval of a class action settlement under Federal Rule of Civil Procedure 23(e), courts make a preliminary evaluation of the fairness of the settlement prior to issuing notice to the class and prior to holding a final approval hearing.  If the proposed settlement falls within the range of what could be found "fair, adequate, and reasonable," preliminary approval is appropriate, notice may be given to the proposed class and a hearing for final approval can be scheduled.[4]  "Given that some . . . factors cannot be fully assessed until the Court conducts the Final Approval Hearing, 'a full fairness analysis is unnecessary at this stage.'"  *Williams*, 2010 WL 761122, at *5 (citation omitted).  Instead, "the Court need only determine whether the proposed settlement appears on its face to be fair" and "falls within the range of possible [judicial] approval."  *Id.* at *5-6.  Later, at the final approval stage, the Court answers the ultimate question:  whether the Settlement is fair, reasonable and adequate.  In making that ultimate determination, the Court reviews: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of Class members to the proposed settlement.[5]

The parties here request only that the Court take the first step in the settlement approval process and grant preliminary approval of the proposed Settlement.  As summarized below, and as will be detailed further in a subsequent motion for final approval of the Settlement, the factors considered by courts in granting final approval of class action settlements demonstrate that this $12 million Settlement is well within the range of possible approval.

---

[4] *Williams v. Costco Wholesale Corp.*, 2010 WL 761122, at *5-6 (S.D. Cal. Mar. 4, 2010); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

[5] *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-76 (9th Cir. 1993).

-6-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

### 1. The Settlement Is The Product Of Good Faith Arm's-Length Negotiations

Courts recognize that the opinion of experienced counsel supporting the settlement after vigorous arm's-length negotiations is entitled to considerable weight.[6] This makes sense, as counsel is "most closely acquainted with the facts of the underlying litigation." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *9 (C.D. Cal. June 10, 2005) (citations omitted). Here, Plaintiffs' Counsel have many years of experience litigating securities class actions throughout the country – including within this Circuit and District in particular – and in assessing the respective merits of each side's case.[7] Additionally, throughout the litigation and settlement negotiations, Defendants have been represented by experienced counsel from the law firms of Miller Nash Graham & Dunn LLP, Covington & Burling LLP, Groff Murphy PLLC, Janet Hoffman & Associates LLC, and Hillis Clark Martin & Peterson P.S. Counsel for Defendants

---

[6] *See, e.g.*, *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"), *aff'd*, 661 F.2d 939 (9th Cir. 1981); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.,* 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling factor in approving settlement).

[7] For example, Bernstein Litowitz has obtained recoveries on behalf of investors in securities class action litigation in this Circuit, alone – both before and after trial – in amounts totaling over $1 billion. *See, e.g., Roberti v. OSI Sys., Inc.*, 2:13-cv-9174-MWF (C.D. Cal.) ($15 million settlement); *In re Maxim Integrated Prods., Inc. Sec. Litig.*, 08-00832-JW (N.D. Cal.) ($173 million settlement); *In re Connetics Sec. Litig.*, 07-02940 SI (N.D. Cal.) ($12.75 million); *In re New Century*, 07-cv-00931 (FMOx) (C.D. Cal.) ($125 million); *In re Int'l Rectifier Corp. Sec. Litig.*, 07-02544-JFW (C.D. Cal.) ($90 million); *In re Gemstar-TV Guide Int'l Inc. Sec. Litig.*, 02-CV-2775-MRP (C.D. Cal.) ($92.5 million); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 09-CV-1376-LHK (N.D. Cal.) ($125 million); *In re McKesson HBOC, Inc. Sec. Litig.*, 99-CV-20743 RMW (N.D. Cal.) (over $1.04 billion); *In re Wash. Mut., Inc. Sec. Litig.*, 07-cv-1809 (W.D. Wash.) ($208.5 million); *In re Toyota Motor Corp. Sec. Litig.*, CV 10-922 DSF (C.D. Cal.) ($25.5 million); *In re SunPower Sec. Litig.*, CV 09-5473-RS (N.D. Cal.) ($19.7 million); *In re Dendreon Corp. Class Action Litig.*, C11-01291JLR (W.D. Wash.) ($40 million); *In re Clarent Corp. Sec. Litig.*, Master File No. C-01-3361-CRB (N.D. Cal.) (obtaining plaintiff verdict at trial against CEO for knowing violation of federal securities laws); *see also* Firm Resume of Lead Counsel, previously filed as ECF No. 20-4.

-7-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

were also well-informed regarding the case, and their representation of the Defendants was no less rigorous than Lead Counsel's representation of the Settlement Class. As a result, the parties' settlement negotiations were hard-fought, and the proposed Settlement was reached only after an informed and highly regarded and experienced mediator made a "mediator's recommendation," which the parties separately accepted.

As courts within this Circuit and nationwide have found, "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."[8] Moreover, the fact that the two in-person mediation sessions were unsuccessful, and required further negotiations, further demonstrates that the Settlement was the product of arm's-length negotiations. *See, e.g., Hicks v. Morgan Stanley & Co.*, 2005 WL 2757792, at *5 (S.D.N.Y. Oct. 24, 2005) ("A breakdown in settlement negotiations can tend to display the negotiation's arms-length and non-collusive nature.") (citation omitted). This factor supports a finding that the Settlement is fair, adequate, and reasonable for purposes of preliminary approval. A "proposed settlement [that] appears to be the product of serious, informed, non-collusive negotiations" should be given effect. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

### 2. The Substantial Benefit Obtained For The Settlement Class, Especially In Light Of Serious Risks, Supports Approval Of The Settlement

As set forth above, the Settlement provides for the recovery of $12 million in cash for the benefit of the Settlement Class. While Plaintiffs and their counsel believe that they would overcome Defendants' motions to dismiss that were pending at the time the Settlement was reached, they recognize that numerous risks and uncertainties would accompany further litigation, even assuming their claims were sustained at the pleading stage.

---

[8] *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007); *see also In re Indep. Energy Holdings PLC Sec. Litig.*, 2003 WL 22244676, at *4 (S.D.N.Y. Sept. 29, 2003) ("the fact that the Settlement was reached after exhaustive arm's-length negotiations, with the assistance of a private mediator experienced in complex litigation, is further proof that it is fair and reasonable") (citation omitted).

-8-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

By way of background, Barrett is a professional employer organization and staffing company. It reports to provide workers' compensation coverage to more than 100,000 employees of Barrett's client businesses. The Complaint alleges that Defendants made false and misleading statements or omissions regarding Barrett's workers' compensation reserve and its financial statements, with scienter, and that the stock price dropped after the truth became known. Defendants argued, among other things, that: (i) the Complaint failed to identify material omissions or misrepresentations in connection with the workers' compensation reserve; (ii) the Complaint's allegations do not support a strong inference of scienter because, for example, the confidential witnesses lacked personal knowledge and the timing of the stock sales by Individual Defendants was not suspicious; and (iii) the Complaint failed to plead a causal relationship between a material representation and economic loss. ECF No. 104. Although Plaintiffs and their counsel believe they sufficiently satisfied the heightened pleading standard of the PSLRA, they understand that even assuming the claims would be sustained, Defendants would continue to challenge falsity, scienter, and loss causation after discovery, through summary judgment, trial, and inevitable appeals.

Assuming Plaintiffs prevailed at the motion to dismiss stage, hurdles to full liability exist at the summary judgment stage and at trial. These hurdles would include establishing materiality as to the untrue statements and omissions, that such statements and omissions were made with scienter, and Defendants would dispute the amount of recoverable damages. As will be further discussed in Plaintiffs' final approval papers, the Settlement is a substantial portion of the recoverable damages, whether compared to the damages calculated by Plaintiffs or by Defendants. The proposed Settlement, when viewed in the context of these risks and the uncertainties involved with any litigation, is extremely beneficial to the Settlement Class.

### 3. Plaintiffs' Counsel's Thorough Investigation And Extensive Settlement Negotiations Enabled Sufficient Evaluation Of The Claims

"In the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision

-9-

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

about settlement. . . . Instead, courts look for indications 'the parties carefully investigated the claims before reaching a resolution.'"[9]  Indeed, the Honorable Charles R. Breyer recently granted final approval of the Volkswagen consumer class action where "the parties have not engaged in any dispositive motion practice."[10]

Here, prior to accepting the mediator's recommendation to settle the Action for $12 million, Plaintiffs' Counsel thoroughly evaluated the strengths and weaknesses of the claims and of Defendants' defenses.  This included an extensive investigation of the facts and claims of this case, which encompassed:  (i) Barrett's public filings with the U.S. Securities and Exchange Commission ("SEC"); (ii) the reports of securities and financial analysts concerning Barrett's business; (iii) press releases, news articles, earnings conference call transcripts, and other public statements regarding Defendants; and (iv) interviews with former Barrett employees.  In addition to their thorough investigation, Plaintiffs' Counsel gained additional insight into the potential strengths and weaknesses of the claims and defenses through the full briefing on Defendants' multiple motions to dismiss, and through consultations with an expert on issues of loss causation and damages.  And, finally, Plaintiffs' Counsel became further informed regarding the facts and legal issues through the exchange of two rounds of comprehensive confidential mediation statements and exhibits, participation in two in-person mediations, and additional related negotiations and perspectives of the Mediator.

In sum, the parties reached a settlement when they were well informed as to the facts, legal issues, and risks of continuing the litigation.  Courts in this Circuit have recognized that

---

[9] *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig. ("VW")*, 2016 WL 6248426, at *13 (C.D. Cal. Oct. 25, 2016) (quoting *In re Mego Fin. Corp.*, 213 F.3d 454, 459 (9th Cir. 2000); *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014)).

[10] *VW,* 2016 WL 6248426, at *13; *see also, e.g., Mego Fin.*, 213 F.3d at 459 (finding that even absent extensive formal discovery, class counsel's significant investigation and research supported settlement approval); *Linney v. Cellular Alas. P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998); *In re TD Ameritrade Account Holder Litig.*, 2011 WL 4079226, at *6 (N.D. Cal. Sept. 13, 2011) (approving settlement after the filing of a motion to dismiss and prior to significant discovery).

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

"[t]hrough protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of getting nothing." *In re Critical Path, Inc.*, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002). For this reason, courts have commended class counsel for recognizing when, as in this case, a prompt resolution of the matter is in the best interest of the class. *See, e.g., Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *15 (N.D. Cal. Jan. 26, 2007) ("Class counsel achieved an excellent result for the class members by settling the instant motion promptly."), *aff'd*, 331 Fed. App'x 452, 457 (9th Cir. 2009).

## V. THE PARTIES STIPULATED TO CERTIFICATION OF A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES

The parties have stipulated to certification of the Settlement Class for settlement purposes. *See* Stip. ¶2. The Supreme Court has repeatedly recognized the importance of class actions in redressing violations of the federal securities laws.[11] Courts in the Ninth Circuit have long recognized that "[c]lass actions are particularly well-suited in the context of securities litigation, wherein geographically dispersed shareholders with relatively small holdings would otherwise have difficulty in challenging wealthy corporate defendants."[12]

### A. Numerosity

"Numerosity" is satisfied if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class." *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) (citation omitted). "'[F]ederal trial courts are quite willing to accept common sense assumptions in order to support a finding of numerosity, often looking at the number of shares traded or transactions completed rather than seeking to

---

[11] *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) ("This Court has long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions . . . .").

[12] *In re VeriSign, Inc. Sec. Litig.*, 2005 WL 7877645, at *9 (N.D. Cal. Jan. 13, 2005), Order amended Jan. 31, 2005; *see also Blackie v. Barrack,* 524 F.2d 891, 911 (9th Cir. 1975); *In re Bridgepoint Educ., Inc. Sec. Litig.*, 2015 WL 224631, at *1 (S.D. Cal. Jan. 15, 2015).

-11-

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

determine directly the number of potential class members involved.'" *VeriSign*, 2005 WL 7877645, at \*4; *In re THQ Sec. Litig.*, 2002 WL 1832145, at \*3 (C.D. Cal. Mar. 22, 2002) ("given the number of shares of [the company] traded during the Class Period . . . common sense dictates that the proposed class is surely sufficiently large to make joinder impracticable"). Indeed, "[i]n cases involving securities traded on national stock exchanges, numerosity is practically a given. 'Defendants normally cannot and rarely do contest joinder impracticability in class actions brought on behalf of shareholders or traders in publicly owned and nationally listed corporations.'" *VeriSign*, 2005 WL 7877645, at \*4 (quoting Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 22:16 (4th ed. 2002)).

Here, during the Settlement Class Period, there were approximately 7 million shares of Barrett's stock outstanding and the average daily volume traded was over 115,000 shares. Accordingly, there are thousands of geographically-disbursed investors that purchased Barrett's stock during the Settlement Class Period, and numerosity is therefore satisfied. *Dean v. China Agritech*, 2012 WL 1835708, at \*4 (C.D. Cal. May 3, 2012) (a class of more than forty investors satisfies numerosity in a securities class action); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009) (accord).

## B.  Commonality

Rule 23(a)(2) requires only the existence of "questions of fact and law common to the class." All questions of fact and law need not be common to satisfy the rule. Rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *see also THQ*, 2002 WL 1832145, at \*3 (noting that "courts have found that a single issue common to the proposed class satisfies Rule 23(a)(2)"). Here, common questions of law and fact exist as to all Members of the Settlement Class, including: (a) whether the federal securities laws were violated by Defendants; (b) whether Defendants made false statements and/or omissions of material facts; (c) whether Defendants knew or deliberately disregarded that their statements were allegedly false and misleading; (d)

-12-

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

whether the price of Barrett common stock was artificially inflated; and (e) whether Defendants' false statements and omissions caused Settlement Class Members to suffer economic losses. Courts routinely recognize that securities fraud actions alleging a common course of conduct based on a "fraud on the market" satisfy commonality.[13]

## C. **Typicality**

"Typicality" is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality does not require that all members of the class be *identically* situated. *See Hanlon*, 150 F.3d at 1020. "[T]ypical claims need only be 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Crossen v. CV Therapeutics*, 2005 WL 1910928, at *4 (N.D. Cal. Aug. 10, 2005) (citation omitted). Here, the claims of the Settlement Class and Plaintiffs are co-extensive. The same proof would be needed to establish the claims, which arise out of the same alleged wrongful course of conduct. The alignment of Plaintiffs' interests with those of the Settlement Class satisfies the typicality requirement. *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

## D. **Adequacy**

"Adequacy" is met when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A representative is adequate where (a) there is no conflict of interest between the representative and its counsel and absent class members, and (b) the representative and its counsel will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020 (citation omitted). Here, Plaintiffs' interests are co-extensive with the Settlement Class Members – no conflict exists. Plaintiffs sustained losses as a result of

---

[13] *See, e.g., Bridgepoint*, 2015 WL 224631, at *6; *Nguyen v. Radient Pharms. Corp.,* 287 F.R.D. 563, 574-75 (C.D. Cal. 2012). Varying damages between investors – that arise as a result of buying and selling at different times during the Settlement Class Period – do not defeat commonality. *See, e.g., Radient*, 287 F.R.D. at 569. Indeed, in this Settlement such variations are addressed by the Plan of Allocation for disseminating the Net Settlement Fund.

-13-

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

the same alleged material misrepresentations and omissions that injured the Settlement Class.[14] Plaintiffs are the paradigmatic class representatives that Congress sought to empower when passing the PSLRA. Congress enacted the PSLRA in large part to encourage sophisticated institutional investors, like Plaintiffs, to take control of securities class actions and "increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel." H.R. Conf. Rep. No. 104-369, at 32 (1995).

Further, Lead Counsel is qualified and capable of prosecuting this Action. As discussed above, Lead Counsel has extensive experience and expertise in prosecuting complex class actions, including over thirty years of experience in the litigation, certification, trial, and settlement of securities class actions brought under the federal securities laws, including within this Circuit and this District.

### E. Predominance And Superiority

Rule 23(b)(3) requires that, in addition to meeting the prerequisites of Rule 23(a), Plaintiffs must demonstrate that: (1) common questions of law or fact predominate over individual questions; and (2) a class action is superior to other available methods of adjudication. *Juniper Networks,* 264 F.R.D at 590. The requirement "is readily met in securities-fraud class actions."[15] Common questions of law and fact predominate where, as in this case, the Complaint alleges a "common course of conduct" that affects all Settlement Class Members in the same manner. *See Blackie*, 524 F.2d at 902-03. Rule 23(b)(3) is also satisfied because a class

---

[14] *See VeriSign*, 2005 WL 7877645, at *8 (finding adequacy where lead plaintiffs' claims and the unnamed class members' claims do not conflict because they all arise out of the same set of facts); *In re Applied Micro Circuits Corp. Sec. Litig.*, 2003 WL 25419526, at *5 (S.D. Cal. July 15, 2003) (finding adequacy where the interests of the class representatives are co-extensive with the class because they bring identical claims under federal securities laws).

[15] *Hicks v. Morgan Stanley & Co.*, 2003 WL 21672085, at *1 n.8 (S.D.N.Y. July 16, 2003) (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625 (1997)); *THQ*, 2002 WL 1832145, at *8; *Hanlon*, 150 F.3d at 1022; *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 530 (N.D. Cal. 2009); *In re Emulex Corp., Sec. Litig.*, 210 F.R.D. 717, 721 (C.D. Cal. 2002).

-14-

LAW OFFICES OF
**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at 901 n.18. If Plaintiffs and each of the Settlement Class Members were to bring individual actions, each would be required to prove the same wrongdoing by Defendants to establish liability. Class certification promotes judicial efficiency by permitting common claims and issues to be resolved only once with a binding effect on all parties. *See Juniper,* 264 F.R.D. at 592. In addition, because reliance is presumed, individual issues of proof do not predominate, and a class may be properly certified. *Basic, Inc. v. Levinson,* 485 U.S. 224, 247 (1988); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 811 (2011) ("Because the market 'transmits information to the investor in the processed form of a market price,'" it can be assumed "that an investor relies on public misstatements whenever he 'buys or sells stock at the price set by the market.'") (citing *Basic,* 485 U.S. at 244, 247). Moreover, concerns about whether individual issues would create intractable management problems at trial are not a concern when the proposal is that the case be settled and there is no trial. *Amchem,* 521 U.S. at 593 ("Whether trial would present intractable management problems . . . is not a consideration when settlement-only certification is requested").

## VI.    THE PROPOSED NOTICE TO THE SETTLEMENT CLASS IS ADEQUATE

Notice of a proposed settlement must be given to class members in the most practicable manner under the circumstances, describing the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *See* Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 962 (9th Cir. 2009) (citations omitted). In addition, pursuant to the PSLRA, "every settlement notice must include a statement explaining a plaintiff's recovery." *In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 636 (S.D. Cal. 2008) (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Cir. 2007)).

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

Here, the parties' agreed-upon form of proposed Notice to the Settlement Class (Ex. A-1 to the Stip.) is adequate and complies with due process, Rule 23, and the PSLRA. The proposed Notice informs the Settlement Class of, among other things: (1) the amount of the Settlement; (2) the reasons why the parties propose the Settlement; (3) the estimated average recovery per damaged share of Barrett common stock; (4) the maximum amount of attorneys' fees and expenses that will be sought; (5) the name, telephone number, and address of representatives of Lead Counsel who will be reasonably available to answer questions from Settlement Class Members concerning matters contained in the Notice; (6) the right of Settlement Class Members to object to the Settlement or seek exclusion from the Settlement Class, and the consequences thereof; and (7) the dates and deadlines for certain Settlement-related events. 15 U.S.C. § 78u-4(a)(7). The Notice explains that the Net Settlement Fund will be distributed to eligible Settlement Class Members who submit valid and timely Proof of Claim Forms (the form of which has been agreed to by the parties, at Ex. A-2 to the Stip.) pursuant to the Plan of Allocation proposed by Plaintiffs and included in the Notice.[16]

If the Court preliminarily approves the Settlement, the Claims Administrator, Garden City Group, LLC ("GCG"), will mail the agreed-upon forms of Notice and Proof of Claim Form (Exs. A-1 and A-2 to the Stip.) to Settlement Class Members who can be identified with reasonable effort, including through information to be provided by Barrett.[17] GCG will also

---

[16] As explained in the Notice, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel (in the amount not to exceed 22% of the Settlement Amount) and Litigation Expenses (not to exceed $400,000). In accordance with the PSLRA, Lead Counsel may also apply for reimbursement of the costs and expenses of Plaintiffs (including lost wages) directly related to their representation of the Settlement Class.

[17] Plaintiffs request that the Court approve retention of GCG as the claims administrator for this case. Lead Counsel negotiated competitive and favorable terms with GCG, and GCG has confirmed that it will utilize the operations of its Seattle facility for this Action. GCG has successfully administered numerous complex securities class action settlements, including in this District. *See In re Dendreon Corp. Class Action Litig.*, No. C11-01291JLR (W.D. Wash.); *Plumbers' & Pipefitters' Local #562 Suppl. Plan & Trust v. J.P. Morgan Accept. Corp. I*, No.

-16-

MOTION FOR PRELIMINARY APPROVAL
(CASE No. 14-CV-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

utilize a proprietary list of the largest and most common U.S. banks, brokerage firms, and nominees that purchase securities on behalf of beneficial owners. Additionally, Lead Counsel will cause the agreed-upon form of Summary Notice (Ex. A-3 to the Stip) to be published in the national edition of *Investors' Business Daily*, and over the *PR Newswire*. Courts routinely find that comparable notice procedures meet the requirements of due process, Rule 23, and the PSLRA. *See, e.g., Dendreon, supra* (W.D. Wash); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1170 (S.D. Cal. 2007).

## VII.   PROPOSED SCHEDULE OF SETTLEMENT EVENTS

Plaintiffs propose the following schedule for the Settlement-related events in this case. The proposed approximate dates in the right column are examples that respectfully assume that the instant, stipulated motion is granted on or before the notice date of November 4, 2016.

| Event | Proposed Due Date | Date/Deadline |
|---|---|---|
| Deadline for mailing the Notice and Proof of Claim Form to the Settlement Classes (which date shall be the "Notice Date") (Prelim. App. Order ¶7(b)) | Not later than 10 business days after entry of Preliminary Approval Order | Nov. 21, 2016 |
| Deadline for publishing the Summary Notice (Prelim. App. Order ¶7(d)) | Not later than 10 business days after the Notice Date | Dec. 6, 2016 |
| Deadline for filing of papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (Prelim. App. Order ¶26) | 35 calendar days prior to Settlement Hearing | Jan. 18, 2017 |
| Deadline for receipt of exclusion requests or objections (Prelim. App. Order ¶¶13, 17) | 21 calendar days prior to Settlement Hearing | Feb. 1, 2017 |
| Deadline for filing reply papers (Prelim. App. Order ¶26) | 7 calendar days prior to Settlement Hearing | Feb. 15, 2017 |

08-cv-1713 (E.D.N.Y.); *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.,* No. 08-cv-10841 (S.D.N.Y.).

-17-

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

| Event | Proposed Due Date | Date/Deadline |
|---|---|---|
| Settlement Hearing (Prelim. App. Order ¶5) | 100 calendar days after filing of Stipulation | Feb. 22, 2017, or the Court's earliest convenience thereafter |
| Deadline for submitting Claim Forms (Prelim. App. Order ¶10) | 120 calendar days after the Notice Date | March 21, 2017 |

## VIII. CONCLUSION

Plaintiffs respectfully requests that the Court grant the unopposed motion for preliminary approval of the proposed Settlement such that notice may be sent to the Settlement Class and a hearing scheduled for consideration of final approval. The parties' agreed-upon form of proposed Preliminary Approval Order, and exhibits thereto, is attached hereto as Exhibit 2.

Dated: October 28, 2016      Respectfully submitted,

By: */s/ Bradley S. Keller*
    Bradley S. Keller, WSBA # 10665

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
Email: bkeller@byrneskeller.com

*Liaison Counsel for Lead Plaintiff Painters & Allied Trades District Council No. 35 Pension and Annuity Funds*


BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
Timothy A. DeLange
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
Email: timothyd@blbglaw.com
      nikim@blbglaw.com

*Counsel for Lead Plaintiff Painters & Allied Trades District Council No. 35 Pension and Annuity Funds and Lead Counsel for the Settlement Class*

-18-

MOTION FOR PRELIMINARY APPROVAL
(CASE NO. 14-CV-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522

WOLF HALDENSTEIN ADLER FREEMAN
    & HERZ LLP
Gregory M. Nespole
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
Email: nespole@whafh.com

*Counsel for Named Plaintiff Bakers Local No. 433 Pension Fund*

MOTION FOR PRELIMINARY APPROVAL
(CASE No. 14-CV-5884-BHS)

LAW OFFICES OF
BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 622-2000
FACSIMILE: (206) 622-2522